UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICKITA CANNON,
*Plaintiff,*

-vs-

TRANSUNION, LLC,
EQUIFAX INFORMATION SERVICES, LLC,
L J ROSS ASSOCIATES,
EXPERIAN INFORMATION SOLUTIONS, INC.,
*Defendants.*

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Rickita Cannon** (hereinafter "Plaintiff"), sues Defendants, **TransUnion, LLC** ("TransUnion"), **Equifax Information Services, LLC** ("Equifax"), **L J Ross Associates** ("L J Ross"), and **Experian Information Solutions, Inc.** ("Experian") (collectively "Defendants"), and respectfully alleges violations of the **Fair Credit Reporting Act** ("FCRA"), 15 U.S.C. § 1681 et seq., and the **Fair Debt Collection Practices Act** ("FDCPA"), 15 U.S.C. § 1692 et seq.

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA and FDCPA.

2. Plaintiff sent certified disputes to TransUnion, Equifax, Experian, and L J Ross on **May 26, 2024**, disputing the accuracy of the information they were reporting.

3. All of the disputed accounts were verified by the credit bureaus without proper validation by L J Ross, who merely sent a statement resembling a utility bill from an energy company with account number **0708530388-00001**, showing a balance of **$3,644.45**.

4. Plaintiff sent additional certified dispute letters on or around **July 11, 2024**, to all Defendants. Once again, the credit bureaus stated that L J Ross verified the account as accurate.

5. Plaintiff later received an alert from Credit Karma indicating that a new collection for **$3,644.45** was added to Plaintiff's credit report, which matched the details of the original disputed account, creating a **duplicate** entry.

6. In addition, **TransUnion** reported another account as verified, despite the inaccuracies provided by the Plaintiff.

7. Because **TransUnion** allowed the erroneous information to remain on Rickita Cannon's credit file, the Plaintiff has suffered negative financial, emotional, and credit damages.

8. Similarly, **Equifax** allowed erroneous information to remain on Rickita Cannon's credit file, resulting in negative financial, emotional, and credit damages for the Plaintiff.

9. Furthermore, **Experian** failed to remove the erroneous information, causing Plaintiff to suffer negative financial, emotional, and credit damages.

10. Plaintiff contends that Defendants violated the FCRA and FDCPA by failing to reasonably investigate and correct inaccurate information, and by engaging in unfair and deceptive debt collection practices.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

12. Plaintiff is a resident of **Osceola County, Florida**, and a "consumer" as defined by 15 U.S.C. § 1681a(c).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the violations giving rise to this complaint occurred in this District and Division.

14. The venue complies with the Local Rules of the Middle District of Florida.

## PARTIES

15. **TransUnion, LLC** is a corporation that operates as a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

16. **Equifax Information Services, LLC** is a "consumer reporting agency" that furnishes consumer reports as defined under 15 U.S.C. § 1681a(d).

17. **L J Ross Associates** is a "debt collector" and "furnisher of information" under 15 U.S.C. § 1692a(6) and § 1681s-2(b).

18. **Experian Information Solutions, Inc.** is a "consumer reporting agency" under 15 U.S.C. § 1681a(f), which provides consumer reports to third parties.

## FACTUAL ALLEGATIONS

19. On **May 26, 2024**, Plaintiff sent certified disputes to TransUnion, Equifax, Experian, and L J Ross, disputing the validity of certain information on their credit reports.

20. The account in question, reported by L J Ross, was for a balance of **$3,644.45** with account number **0708530388-00001**.

21. L J Ross failed to provide proper validation and merely submitted what appeared to be a utility statement from an energy company, which does not satisfy the debt validation requirements under the FDCPA.

22. After further disputes sent on **July 11, 2024**, TransUnion, Equifax, and Experian again verified the account, claiming it was accurate.

23. Plaintiff received an alert from **Credit Karma**, which indicated that a **duplicate collection** for the same amount of **$3,644.45** was added to Plaintiff's credit report.

24. Additionally, **TransUnion** verified another account, despite the inaccuracies Plaintiff had previously disputed.

25. Because **TransUnion**, **Equifax**, and **Experian** allowed erroneous information to remain on Rickita Cannon's credit file, the Plaintiff has suffered negative financial, emotional, and credit damages.

26. Defendants failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i, and L J Ross violated the FDCPA by engaging in deceptive practices and reporting inaccurate information.

## COUNT 1 - Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b), Against TransUnion, Equifax, and Experian

27. Plaintiff re-alleges and incorporates paragraphs 1 through 26.

28. Defendants prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Rickita Cannon.

29. Defendants failed to maintain and follow reasonable procedures to ensure maximum possible accuracy in their reporting, as required by 15 U.S.C. § 1681e(b).

30. Defendants violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of Rickita Cannon's consumer credit files, by falsely reporting a balance due that was unverified, and by failing to conduct a reasonable reinvestigation with respect to the information provided by Rickita Cannon.

31. Because Defendants allowed the erroneous information to remain on Rickita Cannon's credit file, the Plaintiff has suffered negative financial, emotional, and credit damages.

32. Defendants' conduct, actions, and inaction were willful, rendering them liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

33. Alternatively, Defendants' violations were negligent, rendering them liable for damages under § 1681o of the Act.

34. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and attorney's fees.

## COUNT 2 - Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681i, Against TransUnion, Equifax, Experian, and L J Ross Associates

35. Plaintiff re-alleges and incorporates paragraphs 1 through 26.

36. Defendants failed to conduct a reasonable reinvestigation of Plaintiff's disputes as required by 15 U.S.C. § 1681i.

37. Defendants' actions resulted in further harm to Plaintiff, including the reporting of a duplicate account and the verification of another disputed account.

38. **L J Ross prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false**

consumer information regarding Rickita Cannon, as defined in the FCRA.

39. L J Ross violated 15 U.S.C. § 1681s-2(b) by continuously failing to conduct a reasonable investigation with respect to the disputed information, by continuously failing to review all relevant information available, and by continuously failing to update Rickita Cannon's credit reports to accurately reflect that the account.

40. As a result of L J Ross' failure to correct their erroneous and derogatory credit reporting, the Plaintiff has suffered a detriment to their ability to borrow, emotional distress, and other damages in an amount to be determined at trial constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

41. Because L J Ross disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Rickita Cannon to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

42. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and attorney's fees.

## COUNT 3 - Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, Against L J Ross Associates

43. Plaintiff re-alleges and incorporates paragraphs 1 through 26.

44. L J Ross engaged in deceptive and unfair collection practices by failing to provide proper validation and reporting inaccurate information, in violation of 15 U.S.C. § 1692e and § 1692f.

45. **The foregoing acts of L J Ross and its agents constitute numerous and multiple violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692e(10), 1692e(14), 1692f, and 1692f(1), with respect to the Plaintiff.**

46. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they tried to collect on an account that did not belong to Rickita Cannon.

47. Under 15 U.S.C. § 1692e(8), a debt collector cannot communicate false credit information, which they did when they tried to collect on two accounts by placing the information on the credit reports.

48. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they placed false information on the credit reports.

49. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which L J Ross did

when they tried to collect on an account that was listed twice and totaled $7,288.90.

50. **Rickita Cannon has suffered actual damages as a result of these illegal collection communications, including emotional distress in the form of anger, anxiety, humiliation, frustration, and other negative emotions.**

51. **Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).**

52. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Rickita Cannon** prays for judgment against Defendants as follows:

- A. **For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);**
- B. **Statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a);**
- C. Award Plaintiff actual damages for emotional distress, financial harm, and any other compensatory damages available;

- D. **Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant L J Ross;**
- E. **Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);**
- F. An award of all costs of this action, including Plaintiff's filing fees, court costs, and any other expenses related to this litigation;
- G. **For such other and further relief as may be just and proper.**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 21st day of October, 2024.
**Respectfully submitted,**

**Rickita Cannon**
**46 Dorset Dr**

**Kissimmee, FL 34758**
**414-215-8821**
**Email: Rickitacannon@yahoo.com**
**Pro Se Plaintiff**